**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

HARVEST TRADING GROUP, INC. and
HARVEST DIRECT, LLC

Plaintiffs

v. Civil Action No.

YEISER RESEARCH & DEVELOPMENT,
LLC and
JOHN INTERNATIONAL

Defendants

**COMPLAINT**

COMES NOW, the Plaintiff, Harvest Trading Group, Inc., by and through counsel, and files this Complaint against the Defendant, Yeiser Research & Development, LLC for monies due and owing for goods sold and delivered.

Additionally, the Plaintiff, Harvest Direct, LLC files this Complaint against the Defendant, John International, for monies due and owing pursuant to a written profit sharing agreement and for royalties.

JURISDICTION

This matter is properly before this Court pursuant to 28 U.S. Code, § 1332, as there is diversity of citizenship between the parties, the Plaintiffs being Massachusetts corporations, the Defendants being California corporations, and the amount in controversy exceeds $75,000.00.

This Court also has in personam jurisdiction over the out-of-state Defendants, Yeiser Research & Development, LLC and John International, pursuant to the Massachusetts Long Arm Statute, Massachusetts General Laws, Ch. 223, § 3, in that the Defendants have (a) transacted business in this Commonwealth and (b) contracted to supply services or things in this Commonwealth.

PARTIES

1. The Plaintiff, Harvest Trading Group, Inc. is a Massachusetts corporation with a principal place of business at 61 Accord Park Drive, Norwell, Plymouth County, Commonwealth of Massachusetts(hereinafter "HTG").

2. The Plaintiff, Harvest Direct, LLC, is a Massachusetts limited liability corporation with a principal place of business at 61 Accord Park Drive, Norwell, Plymouth County, Commonwealth of Massachusetts (hereinafter "Harvest Direct)

3. The Defendant, Yeiser Research & Development, LLC is, upon information and belief, a California limited liability corporation with its principal place of business at 9545 Pathway Street, Santee, California (hereinafter "Yeiser").

4. The Defendant, John International, is, upon information and belief, a corporation organized under the laws of the state of California, with its principal place of business at 9545 Pathway Street, Santee, California (hereinafter "John").

STATEMENT OF FACTS

1. The Defendant, Yeiser, is the inventor of a product known as the "Hercules Hose /Metal Garden Hose".

2. The Plaintiff, HTG, is in the business of marketing, selling, shipping, and distributing products throughout the continental United States.

3. On July 17, 2016, HTG and Yeiser orally agreed that HTG would purchase the Hercules Hose/Metal Garden Hose from its manufacturer, and thereafter, package the Hercules Hose/Metal Garden Hose product and ship it to customers as directed by Yeiser.

4. HTG sent invoices to Yeiser for all of the Hercules Hose/Metal Garden Hose product it purchased and shipped and distributed to various customers of Yeiser.

5. Yeiser issued various purchase orders to HTG, on various occasions, for various quantities of the Hercules Hose/Metal Garden Hose (see copies of purchase orders generated by Yeiser to HTG attached hereto as exhibit "A").

6. In accordance with the purchase orders from Yeiser to HTG, HTG filled the orders and shipped the Hercules Hose/Metal Garden Hose to the customers as directed by Yeiser.

7. Thereafter, HTG invoiced Yeiser for the products, shipping costs and expenses associated with the fulfillment of the purchase orders in question (see copies of Invoices from HTG attached hereto as exhibit "B").

8. Pursuant to the invoices in question, Yeiser owes HTG the sum of $130,860.06.

9. On July 17, 2016, Harvest Direct and John entered into a Term Sheet agreement (see copy of which is attached hereto as exhibit "C").

10. Pursuant to the Term Sheet, Harvest Direct was entitled to various compensation, on profits split and royalties.

11. Pursuant to the Term Sheet, Harvest Direct, and John agreed, in relevant part, as follows:

> "Compensation
>
> Harvest Direct, LLC will purchase merchandise from **John's** current manufacturer at the lowest cost. **John** will receive a net 50%/50% profit split of net wholesale receipts for all sales after the following
>
> Expenses: Expense Basis
>
> 5% Rep. Commission for outside sales reps (adjusted to 0% for in-house sales),
>
> 5% TV, Web, Social Media, Advertising/Marketing,
>
> 5% Defective Allowance to be adjusted after 1st 6 month review of retain sales,
>
> 5% Markdown Accrual Allowance,
>
> 3% Inbound Container Freight,
>
> 2% Customer Land Freight,
>
> 6% Operation Allowance, which includes Inventory, Financing, Accounting, Shipping, Trade Shows ED1 in other word (sic) all Employee based operational expenses.
>
> Profit Split is paid as follows 50% of the agreed to amount $x (this will be determined when % is in place and extimated (sic) fixed cost is calculated) when product is shipped, the remaining 50% will be paid upon receipt of payment from the retailer
>
> Compensation expenses will be reviewed annually and adjusted accordingly if they are lower.
>
> **John's Customer**
>
> John will retain the distribution rights to his current customer base (listed)
>
> QVC 100%

BJ's Wholesale Club 50%

Old Orchard 50%

Meyers 50%

Hamacher schlemmer 50%

Sharper Image 50%

Sams 50%

Fred Meyers 50%

Menards 50%

Costco 50%

Wayfair.com 50%

**Accounts listed as 50% profit share under (Johns Customers) are to remain 100% revenues to John and adjusted to 50% only if Harvest exceeds Johns distribution by 100%. Profit split between Harvest and John or Johns Customer accounts will be based on same same expenses deductions (expense basis) under Compensation category paragraph above. Thereby any 50% profit split whether harvest to John or John to Harvest will be subject to deduction of the Expense Basis."**

12. Pursuant to the provisions cited above, John owes Harvest Direct monies pursuant to the "Compensation" provision in the parties' parties' Term Sheet agreement.

13. Attached hereto as exhibit "D", is a document entitled "Recap of Monies Due To/From Yeiser Research as of 12/31/17" and the "Profit and Loss Division" report which outline the amounts due and owing by John to Harvest Direct.

14. As the Recap exhibit delineates, John owes Harvest Direct $ 578,700.04 for the profit sharing and royalties in accordance with the Term Sheet.

CAUSES OF ACTION

COUNT I
(Breach Of Contract; HTG vs. Yeiser)

15. HTG realleges, reavers, and incorporates herein the allegations contained in Paragraphs 1 through 14 above.

16. Pursuant to the agreement between Yeiser and HTG, HTG purchased various quantities of the Hercules Hose/Metal Garden Hose from manufacturers, and thereafter, packaged and shipped said products to customers as directed by Yeiser.

17. HTG would distribute the Hercules Hose/Metal Garden Hose to various retailers as specified on the purchase orders sent to them by Yeiser.

18. HTG invoiced Yeiser on a regular basis for said products purchased, sold, and delivered.

19. Yeiser has breached said agreement between Yeiser and HTG by failing, neglecting, and refusing to pay HTG for the goods sold and delivered.

20. As a result thereof, HTG has been damaged.

21. WHEREFORE, the Plaintiff, Harvest Trading Group, Inc. demands that judgment be entered in its favor against the Defendant, Yeiser Research & Development, LLC in the amount of $130,860.06, plus interest and costs.

COUNT II
(Quantum Meruit; HTG vs. Yeiser)

22. HTG realleges, reavers, and incorporates herein the allegations contained in Paragraphs 1 through 21 above.

23. On or about May 24, 2017, and on various dates thereafter, HTG purchased the Hercules Hose/Metal Garden Hose from manufacturers and then packaged and delivered said products to various retailers as specified by the purchase orders sent to them by Yeiser.

24. HTG invoiced Yeiser on a regular basis for the goods sold for the benefit of Yeiser.

25. The Defendant, Yeiser benefitted from the goods provided to it by HTG to Yeiser's customers/retailers.

26. Yeiser promised to pay HTG for the services provided to it by HTG and has failed and neglected to do so.

27. Yeiser has failed, neglected, and refused, and continues to fail, neglect, and refuse to pay HTG for the products HTG purchased, packaged, and delivered at Yeiser's direction.

28. It is unjust for Yeiser to have received the benefit of the services of HTG without compensating HTG.

29. The reasonable value of the services and the goods sold and delivered by HTG to Yeiser is $130,860.06.

30. WHEREFORE, the Plaintiff, Harvest Trading Group, Inc. demands judgment be entered in its favor against the Defendant, Yeiser Research & Development, LLC in the amount of $130,860.06, plus interest, costs.

COUNT III
(Account Annexed; HTG vs. Yeiser)

31. HTG realleges, reavers, and incorporates herein the allegations contained in Paragraphs 1 through 30 above.

32. On or about May 24, 2017, and on various dates thereafter, HTG purchased the Hercules Hose/Metal Garden Hose from manufacturers and then packaged and delivered said products to various retailers as specified by the purchase orders sent to them by Yeiser.

33. HTG invoiced Yeiser on a regular basis for the products it purchased, packaged, and distributed/delivered as directed by Yeiser therefore, creating an account annexed.

34. Pursuant to said account annexed, Yeiser owes HTG the sum of $130,860.06 for goods and services.

35. WHEREFORE, the Plaintiff, Harvest Trading Group, Inc. demands judgment be entered in its favor against the Defendant, Yeiser Research & Development, LLC in the amount of $130,860.06, plus interest, costs.

COUNT IV
(Breach of Contract; Harvest Direct vs. John International)

36. Harvest Direct realleges, reavers, and incorporates herein the allegations contained in Paragraphs 1 through 35 above.

37. On or about July 17, 2016, Harvest Direct and John International entered into a written Term Sheet agreement, setting forth the terms and conditions of the marketing, distribution, profit sharing, and royalty division, licensing and detailing the nature of the business relationship the parties were entering into.

38. As per the Term Sheet agreement, Harvest Direct would distribute the Hercules Hose/Metal Garden Hose to various retailers as specified on the purchase orders sent to them by John.

39. The Term Sheet agreement "Compensation" provision provided for profit sharing and royalties between Harvest Direct and John based upon the net proceeds from the various sales.

40. John has breached the agreement between Harvest Direct and John by failing, neglecting, and refusing to pay Harvest Direct for the royalty and profit sharing amounts due to Harvest Direct as per the Term Sheet Agreement, despite numerous demands.

41. Said conduct on the part of John constitutes a breach of the agreement between Harvest Direct and John.

42. As a result thereof, Harvest Direct has been damaged.

43. WHEREFORE, the Plaintiff, Harvest Direct, LLC demands that judgment be entered in its favor against the Defendant, John International in the amount of $578,700.04, plus interest and costs.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs pray as follows:

1. For judgment in favor of the Plaintiff, Harvest Trading Group, Inc. against the Defendant, Yeiser Research & Development, LLC in accordance with Count I, for Breach of Contract, in the amount of $130,860.06, plus interest and costs.

2. For judgment in favor of the Plaintiff, Harvest Trading Group, Inc. against the Defendant, Yeiser Research & Development, LLC in accordance with Count II, for Quantum Meruit, in the amount of $130,860.06, plus interest and costs.

3. For judgment in favor of the Plaintiff, Harvest Trading Group, Inc. against the Defendant, Yeiser Research & Development, LLC, in accordance with Count III, for Account Annexed, in the amount of $130,860.06, plus interest and costs.

4. For judgment in favor of the Plaintiff, Harvest Direct, LLC against the Defendant, John International in accordance with Count IV, for Breach of Contract, in the amount of $578,700.04, plus interest and costs.

5. For such other and further relief as this Honorable Court deems just, fair, and equitable.

## JURY TRIAL DEMAND

The Plaintiffs, Harvest Trading Group, Inc. and Harvest Direct, LLC claim a trial by jury on all issues so triable raised in this Complaint.

HARVEST TRADING GROUP, INC.
and HARVEST DIRECT, LLC

By their attorney,

Date: May 10, 2019

s/Robert Philip Hilson

Robert Philip Hilson
Law Offices of Robert Philip Hilson
A Professional Corporation
175 Derby Street, Suite 12
Hingham, MA 02043
(781) 740- 4118
BBO# 547899